JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Juvencio Gonzalez

## DEFENDANTS
Temple University

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patrick M. McHugh, Esq. 720 Greenwood Ave. #100
Jenkintown, PA 19046

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

Brief description of cause:
Termination from employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 12/20/11
SIGNATURE OF ATTORNEY OF RECORD: Patrick M. McHugh, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 9951 Academy Road, Apt A12, Phila., PA 19144

Address of Defendant: 1801 N. Broad St., Phila., PA 19122

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Patrick M. McHugh, Esq., counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 12/20/11   _____   21759
                 Attorney-at-Law            Attorney I.D.#
                 Patrick M. McHugh, Esq.

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/20/11   _____   21759
                 Attorney-at-Law            Attorney I.D.#
                 Patrick M. McHugh, Esquire

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Juvencio Gonzalez | : | CIVIL ACTION |
| v. | : | |
| Temple University | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| 12/20/11 | Patrick M. McHugh, Esq. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-277-5300 | 215-690-4344 | pmmch@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Juvencio Gonzalez<br>9951 Academy Road, Apt A12<br>Philadelphia, PA  19114<br>    Plaintiff<br>  v.<br><br>Temple University<br>1801 N. Broad Street<br>Philadelphia, PA  19122<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes the Plaintiff, Juvencio Gonzalez, by and through his attorney files a Complaint and in support thereof states the following:

### INTRODUCTION

1.) This is an action for employment discrimination brought to secure relief, legal and equitable, for race and National Origin discrimination, brought under the Title VII of the Civil Rights Act of 1964, as amended, ("Title VIII"), 42 U.S.C. Section 2000, et. seq. and the Pennsylvania Human Relations Commission Act, 43 P.S.A. 941 et. seq.

### JURISDICTION AND VENUE

2.) The instant action is brought to secure redress from unlawful employment discrimination and pursuant to 42 U.S.C. §200e-5(f)(3), this Court has jurisdiction over the claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq., as amended, (hereinafter referred to as "Title VII").  Pursuant to 28 U.S.C.A. §1367, this Court has ancillary jurisdiction over the Plaintiff's claim under the Pennsylvania Human Relations Act, 43 P.S. §951, et. seq., (hereinafter referred to as "PHRA").

3.) The unlawful practices alleged below were committed within the Commonwealth of Pennsylvania and in the judicial district of the Eastern District of Pennsylvania.

## PARTIES

4.) Plaintiff, Juvencio Gonzalez, is an adult resident of the City of Philadelphia in the Commonwealth of Pennsylvania residing 9951 Academy Road, Apt. A12, Philadelphia, PA 19114. Plaintiff is of Puerto Rican ancestry.

5.) Respondent, Temple University of Commonwealth System of Higher Education, is a university and an instrumentality of the Commonwealth is a School of Higher Education with a main office at 1801 N. Broad Street, Philadelphia, PA 19122.

6.) Defendant is an employer within the meaning of 710(b) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-1(b) and within the meaning of the Pennsylvania Human Relations Act, 43 P.S. 951, et. seq. because it had, at all times material, in excess of fifteen (15) employees.

## ADMINISTRATIVE PROCEEDINGS

7.) On or about September 5, 2010, Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission. The Complaint was cross-filed with the U.S. Equal Employment Opportunity Commission. To date, the Pennsylvania Human Relations Commission has made no finding concerning the verified Complaint.

8.) On October 3, 2011, Plaintiff received a Right to Sue Letter from the U.S. Equal Employment Opportunity Commission. Plaintiff is entitled to bring suit under Title VII.

## COUNT I

### Race/National Origin - Discrimination

9.) As set forth more fully herein, Defendant through its agents, servants and employees did discriminate against Plaintiff, a Hispanic male of Caribbean descent, on basis of his race/national origin by using a faux "reorganization" of Plaintiff's department and transfer most or all of Plaintiff's functions to a new employee in a new position to justify terminating Plaintiff's employment and replacing him with a black female.

10.) On March 1, 1995, Plaintiff, Juvencio Gonzalez became employed at Temple when he was appointed to a position of Assistant Director of Community Relations in the office of Community Relations.

11.) During most of his career and for ten years prior to the events which led to this charge, Temple management chose not to fill the open position of Director in the Community Relations Department. Plaintiff performed the duties and responsibilities of this higher position along with his own and in this capacity reported to the Senior Vice President.

12.) As the position of Director of Community Relations within the Office of Community Relations was not filled, at all times material Plaintiff was responsible for all duties of that position also and reported directly to the Vice President of Community Relations and for its successor offices.

13.) The essential functions of the Assistant Director/Director were:

    a.) Assist in coordination and scheduling the use of University facilities, special assignments and programs with other departments and to develop and implement policies and procedures.

    b.) Coordinate with Work Study/Temple Miles Corps, Publish program directory street vending activities at all campuses, community movie program, non-profit corporations and other community based organizations.

      c.)      Assist with fiscal matters and the managing of other duties which may be assigned by the Associate Vice President for Community Affairs or the Executive Vice President.

      d.)      Analyze community problems and act as a liaison with the community to facility solving problems related to scheduled activities.

      e.)      Assist in community development planning and executing of projects beneficial to the community. Communicate effectively and provide feedback to the AVP of on-going efforts to maximize the efficiency of the Department's various programs and activities.

14.) Over time, the Plaintiff's duties expanded including outreach to the surrounding communities, interaction with neighborhood governmental officials as well as scheduling, planning, coordinating and supervising all external group visitations.

15.) During his entire career at Temple, Plaintiff was a highly competent, highly respected, part of the Temple University administration. Between his arrival at Temple during 1995 until his termination from employment on June 30, 2010, Plaintiff served under and had frequent contact with three different Temple University Presidents, all of whom appreciated his service. Plaintiff was appointed to and served on various University-wide ad hoc committees which examined affirmative action policies and other issues within the University.

16.) At all times material, Plaintiff held the position of Assistant Director of Community Relations. The duties and responsibilities of the position involved the oversight of the University's as a liaison with the community surrounding Temple's representatives as well as various public officials, especially involving the use of the University's facilities.

17.) In furtherance of those duties, Plaintiff formed strong relationships with the political, community and school leaders of the area immediately surrounding Temple University. He became and stayed familiar with the local schools, educators, community groups and others with respect to university issues. He became familiar with and interacted with city, state and

federal legislatures in the area in the immediate vicinity of Temple as well as many other city and state officials.

18.) The Plaintiff had been a community outreach representative for the University, all communities, black, brown, asian, white. Plaintiff became the face of Temple University for that community.

19.) During 2006, Temple created an Entertainment Community Education Center which served the neighborhood as a resource for residents in the surrounding communities. Effective October 16, 2006, L. Harrison Jay, a black male, was appointed to this position including the Community Relations Staff upon which Plaintiff worked.

20.) In June 2008, Kenneth J. Lawrence was appointed Senior Vice President for Government, Community and Public Affairs with Mr. Jay reporting directly to him.

21.) Once Mr. Lawrence arrived, he began to treat Plaintiff as the outreach person only to the Hispanic community.

22.) At the end of 2008, Plaintiff's supervisor, L. Harrison Jay, advised Plaintiff that he should train another newly appointed employee, Ramona McCants, a black female, and long term friend, to do all aspects of his job, so that she could "assist and fill in for him."

23.) During the middle of 2009, L. Harrison Jay, a black male, criticized Plaintiff's performance because Sonny Hill League's failure to keep current on rent payments to the University during 2008 and 2009, despite having certain knowledge that economic collapses in the United States during 2008 and 2009, the donors were unable to provide Mr. Hill the continual funding upon which he relied on to pay the rent.

24.) By letter dated March 9, 2010, Plaintiff received a letter of commendation signed by L. Harrison Jay in appreciate of his 15 years of service at Temple.

25.) Nine days later, by letter dated March 18, 2010, Plaintiff's employment was terminated by Temple effective June 30, 2010. Kenneth Lawrence, VP of Community Affairs, politely, described Plaintiff's firing as resulting from "restructuring."

26.) Defendant's employees assured Plaintiff that his termination had nothing to do with his performance, but resulted from a long-term, and well thought out strategic business plan which would make Temple more effective in community relations and economic development.

27.) The termination letter did not state or discuss who was to assume the duties and responsibilities performed for the last 15 years by Mr. Gonzalez. The letter did not claim that the University had eliminated Plaintiff's duties, only that his Assistant Director of Community Relations position, on its flow chart of positions within management structure of the University, had been eliminated.

28.) In fact, no such restructuring occurred, a small portion of the duties and responsibilities of Plaintiff, a Hispanic male, had been transferred by Kenneth Lawrence, a black male, to L. Harrison Jay, another black male.

29.) On or about September 15, 2010, the University announced the creation of a brand new position of Associate vice President for Community Relations and Economic Development.

30.) On the same day, Mr. Lawrence announced the appointment of Beverly Coleman, a black female, to that new position. The bulk remainder of Plaintiff's prior duties and responsibilities, not already assigned to the black male employee, were assigned to the black female employee.

31.) The primary change which resulted from Mr. Lawrence's thought out, strategic business plan changing the face of Temple to the neighborhood black community from a brown face to a black face.

32.) The stated reason for termination from employment, reorganization, was pretext to mask Defendant's race/national origin discrimination in violation of Title VII, 42 U.S.C. Section 2000 et seq., as amended.

33.) As a direct result of the Defendant's discriminatory actions in violation of Title VII, the Plaintiff has lost and/or will lose wages and other economic benefits of his employment with the Defendant University, in addition to suffering extreme emotional distress, embarrassment, humiliation and like conditions.

## COUNT II

### PA Human Relations Commission - Race/National Origin Discrimination

34.) The Plaintiff hereby incorporates by reference as though set forth in full the averments of paragraphs 1 through 33 of this Complaint.

35.) Defendant did discriminate against Mr. Gonzalez because of his race/national origin with respect to terms and conditions of his employment relationship with Defendant in violation of the Pennsylvania Human Relations Act, P.S. §951-963 (the PHRA).

36.) As a direct result of Plaintiff's termination from employment, he has and continues to suffer due to severe depression and emotional distress which has been exacerbated by his inability to find another job at his age in this market as well as the loss of health and insurance benefits and the amazing cost of replacing them at his age.

37.) As a result of Defendant's discrimination, Mr. Gonzalez is entitled to all legal and equitable remedies under the Pennsylvania Human Relations Act, including, Plaintiff has suffered and continues to suffer loss of wages, future earning capacity and loss of health benefits as well as ongoing emotional distress.

## JURY DEMAND

38.)   Plaintiff demands a trial by jury of the claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Juvencio Gonzalez, requests the following:

a.   That the Court enter a judgment declaring the Defendant's actions to be unlawful and in violation of 42 U.S.C. §2000e, et. seq., as amended;

b.   That the Court enter a judgment declaring the Defendant's actions to be unlawful and in violation of 43 P.S. §951, et. seq.,

c.   That the Court order the Defendant to reinstate the Plaintiff and provide him accumulated seniority, fringe benefits and all other rights, or in the alternative, award the Plaintiff an amount for front pay.

d.   That the Court award the Plaintiff the amount of wages and other benefits due to the Defendant's unlawful conduct, plus interest from the date of his last day of employment.

e.   That the Court award the Plaintiff compensatory damages as a result of the Defendant's violation of 42 U.S.C. §2000e, et. seq., as amended;

f.   That the Court award the Plaintiff compensatory damages as a result of the Defendant's violation of 43 P.S. §951, et. seq., as amended;

g.   That the Court award the Plaintiff punitive damages as above-referenced as a result of the Defendant's violation of 42 U.S.C. §2000e, et. seq., as amended;

h.   That the Court award the Plaintiff punitive damages as above-referenced as a result of the Defendant's violation of 43 P.S. §951 et. seq., as amended;

      i.      That the Court award the Plaintiff reasonable attorneys fees and costs associated with this action;

      j.      That the Court grant the Plaintiff additional relief as may be just and proper.

Respectfully submitted,

*/s/ Patrick M. McHugh*

PATRICK M. McHUGH, ESQUIRE
Attorney ID: 21759
720 Greenwood Ave., Suite 100
Jenkintown, PA 19046
215-277-5300; fax: 215-690-4344